IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT HAVILAND,                    :
                                    :
          Petitioner                :
                                    :
     v.                             :       CIVIL NO. 3:CV-15-1838
                                    :                          FILED
SUPERINTENDENT CAMERON,             :       (Judge Conaboy)    SCRANTON
                                    :
          Respondent                :                          OCT 2 7 2015



PER _____
                                                          DEPUTY CLERK

**MEMORANDUM**
**Background**

     Robert Haviland, an inmate presently confined at the State
Correctional Institution, Houtzdale, Pennsylvania (SCI-
Houtzdale), filed this <u>pro</u> <u>se</u> petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254.[1]  Named as Respondent is SCI-
Houtzdale Superintendent Cameron.  The required filing fee has
been paid.

     According to the Petition, Haviland entered a guilty
plea to charges of possession with intent to deliver a
controlled substance, delivery of a controlled substance, and
driving under the influence on February 2, 2012 in the
Schuylkill County Court of Common Pleas.  Petitioner was
sentenced to a three year, nine month to ten year, six month
term of imprisonment on March 26, 2012.  The Petition
indicates that Haviland's direct appeal was denied by the

_____

     [1]  The Petition is dated September 8, 2015 and will be
deemed filed as of said date.

                              1

Pennsylvania Superior Court on November 30, 2012. See Doc. 1, ¶ 12.

Thereafter, Haviland states that sought relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2] Petitioner acknowledges that his initial PCRA petition was denied on March 15, 2013.  See id. at ¶ 11.  However, petitioner state that he has filed a second PCRA petition which is presently pending before the Schuylkill County Court of Common Pleas.  See id.

Haviland's pending action contends that he is entitled to federal habeas corpus relief on the basis that: (1) his trial counsel provided ineffective assistance by failing to challenge the length of his sentence for driving under the influence; (2) trial counsel was deficient for failure to pursue an entrapment defense; and (3) PCRA counsel was ineffective for nor pursuing a challenge to the driving under the influence sentence.  Petitioner acknowledges that all three argument were included in his pending second PCRA action.  See id. at ¶ 13.

---

[2] See 42 Pa. Cons. Stat. Ann. § 9541 et seq.  One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Incorporated within the Petition, is Haviland's request that this matter be held in abeyance pending disposition of his pending second PCRA petition "that has not been addressed yet." Id. at ¶ 13. Petitioner argues that granting his request for "a stay and abeyance" will allow for disposition of his second PCRA action which was only recently filed on September 8, 2015. Id. at p. 16.

### Discussion

As previously noted, Petitioner has filed a request for stay and abeyance of proceedings. Haviland's pending habeas Petition and incorporated request for stay maintain that he has filed a timely § 2254 petition and that his pending claims have also been raised in his September 2015 second PCRA action which is presently pending before the Schuylkill County Court of Common Pleas. Petitioner requests that this matter be stayed until such time as he has exhausted his available state court remedies with respect to those unexhausted claims.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality.

3

It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition which contains unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a petition consisting of unexhausted claims. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). The United States Supreme Court in Rhines, recognized that under such "limited circumstances" district

4

courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. <u>Rhines</u>, 544 U.S. at 277. The Court of Appeals for the Third Circuit in <u>Crews</u> similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." <u>Crews</u>, 360 F.3d at p. 154 (internal citations omitted).

  <u>Rhines</u> and <u>Crews</u> both contemplate that the federal petition must be timely filed. In the present case, there is no clear indication that Haviland's pending federal petition is untimely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996. Petitioner has requested a stay because his pending § 2254 action consists of claims that he is also asserting via a PCRA petition which is presently under consideration in Pennsylvania state court.

  As in <u>Crews</u>, Haviland should not face the prospect of forfeiting federal court review of issues. In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. Accepting Haviland's contention that he would only have a brief period of time in which to file a new federal habeas petition after completion of the state review process if not granted a stay, the Petitioner's <u>pro se</u> status, and out of an abundance of caution, <u>Crews</u> counsels in favor of a stay of litigation in this case while Haviland exhausts the state review

process on his pending unexhausted federal claims.  Accordingly, Petitioner's request for a stay will be granted.

However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's ongoing state court PCRA proceedings regarding his pending federal claims, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's dispositions.  Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his state court proceedings have concluded, the stay issued in this matter will be lifted, until such time, this matter will be marked closed for administrative purposes.  An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED:   OCTOBER 27th, 2015

6